**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**COY HUGGINS,**

               **Petitioner,**

     **-against-**

**RICHARD A. GIRDICK, Superintendent of**
**Upstate Correctional Facility,**

               **Respondent.**
-----------------------------------------------------------x

**ORDER**
**03-CV-3248 (NG) (VVP)**

**GERSHON, United States District Judge:**

     Petitioner Coy Huggins objects to so much of the Report and Recommendation of Magistrate Judge Pohorelsky, dated January 2, 2007, that held that he was not entitled to a lawyer at his lineup. By extension, petitioner also claims that his counsel was ineffective for failing to complain about the absence of a lawyer at the lineup.

     I have carefully reviewed the documents which the petitioner has submitted in support of his objection, as well as the other portions of the record that affect his claim. Based upon that review and the applicable case law, I conclude that Magistrate Judge Pohorelsky was entirely correct. Petitioner has confused his Fifth Amendment due process rights, as set forth in *Miranda v. Arizona*, 384 U.S. 436 (1966), which allowed him to decline to speak to law enforcement officials in the absence of counsel, and his Sixth Amendment right to counsel "[i]n all criminal prosecutions." Under the Sixth Amendment, a defendant has no constitutional right to counsel at an investigatory lineup, that is, a lineup conducted before formal charges are brought. Even where, as here, a defendant is under arrest at the time he appeared in the lineup, "[i]t is well established that under the Sixth Amendment an individual's right to counsel only attaches when 'formal adversarial judicial

proceedings' have been initiated against him." *Taylor v. Kuhlmann*, 36 F. Supp. 2d 534, 548 (E.D.N.Y. 1999). *See also Kirby v. Illinois*, 406 U.S. 682, 688 (1972); *Claudio v. Scully*, 982 F.2d 798, 802 (2d Cir. 1992); *Horn v. Smith*, No. 94 Civ. 2781, 1997 WL 391461, at *3 (E.D.N.Y July 7, 1997). For purposes of evaluating when a defendant's Sixth Amendment right to counsel attaches, federal courts generally look to state law to determine when the adversarial judicial process has commenced. *Meadows v. Kuhlmann*, 812 F.2d 72, 76 (2d Cir. 1987). In *People v. Hawkins*, 55 N.Y.2d 474, 487 (1982), the New York Court of Appeals held that, absent the initiation of formal judicial proceedings, a post-arrest investigatory lineup does not trigger a Sixth Amendment right to counsel.

Petitioner's arrest occurred shortly after the crime was committed, in the absence of an arrest warrant. Only after the lineup were formal adversarial judicial proceedings brought against him. Petitioner's Sixth Amendment right to counsel had not attached at the time of the lineup. Therefore, his counsel was not ineffective for failing to argue otherwise.

Accordingly, petitioner's application for a writ of habeas corpus is denied. Since petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. The Clerk of Court is directed to enter judgment for respondent.

          **SO ORDERED.**

          */s/ Nina Gershon*
          **NINA GERSHON**
          **United States District Judge**

Dated: February 7, 2007
      Brooklyn, New York